IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHY GUINN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 18 cv-3119 |
| | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) Trial By Jury Demanded |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S RULE 26(a)(2) DISCLOSURES

Plaintiff, KATHY GUINN, by and through her attorney GEORGE BRUGESS, and pursuant to Federal Rule of Civil Procedure 26(a)(2) and Court Order, discloses the following witnesses who are expected to testify under Rules 702, 703 or 705 of the Federal Rules of Evidence: as

1. **Terry L. Cordray, M.S.**
   **Rehabilitation Expertise, LLC**
   **10000 W. 75th Street, Suite 200**
   **Shawnee, KS 66204**

Mr. Cordray is expected to testify consistent with his reports and deposition in this case. The Plaintiff adopts Exhibit "1" (Mr. Cordray's reports) as though fully set forth herein.

The Plaintiff has not attached Exhibit "1" (Mr. Cordray's reports) pursuant to this Court's Standing Order 02-01 as they contain private health information, but has provided a copy of Exhibit "1" to all counsel and will provide a copy to the Court upon request.

Mr. Cordray's CV and Case List are attached as Exhibit "2".

1

2.  **Malcolm Cohen**
    **Employment Research Corporation**
    **305 E. Eisenhower Parkway, Suite 316**
    **Ann Arbor, MI 48108**

Mr. Cohen is expected to testify consistent with his report and deposition in this case. The Plaintiff adopts Exhibit "3" (Mr. Cohen's report, CV and Case List) as though fully set forth herein.

3.  **Eckardt Johanning, MD, MSc, PhD.**
    **Occupation and Environmental Life Science.**
    **Family-Preventive Medicine**
    **Certified Independent Medical Examiner (CIME)**
    **4 Executive Park Drive**
    **Albany, NY 12203**

Dr. Johanning is expected to testify consistent with his report and deposition in this case. The Plaintiff adopts Exhibit "4" (Dr. Johanning's report) as though fully set forth herein.

The Plaintiff has not attached Exhibit "4" (Dr. Johanning's report) pursuant to this Court's Standing Order 02-01 as it contains private health information, but has provided a copy of Exhibit "4" to all counsel and will provide a copy to the Court upon request.

Dr. Johanning's CV and Case List are attached as Exhibit "5".

4.  **Mr. Colon R. Fulk**
    **RAILEX, LLC**
    **5539 Elk Knob Ct.**
    **Denver, NC 28037**

Mr. Fulk is expected to testify consistent with his report and deposition in this case. The Plaintiff adopts Exhibit "6" (Mr. Fulk's report) as though fully set forth herein.

**Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) the plaintiff may also call:**

- All witnesses deposed in this case who have testified.
- All witnesses to be deposed in this case who may state opinions.
- All witnesses disclosed by any party in this case.

2

- The record keepers and others to lay foundations for otherwise admissible evidence.
- The current witnesses, whose identifies are known by or through exercise of reasonable diligence should have been known by the defendant.
- All post-accident treating physicians, hospital medical and nursing personnel to testify concerning the matters of fact and opinion associated with the related care and treatment of plaintiff, including course of care, and actions that were taken.
- Any other witness who, in fairness, ought to be allowed to testify under the circumstances.

**Pursuant to Rule 26(a)(2)(c), Plaintiff discloses the following witnesses who are expected to testify:**

1. All treaters listed.

    **Dr. Daniel Troy**
    **Advanced Orthopaedic & Spine Care**
    **6701 W. 95th Street**
    **Oak Lawn, IL  60453**

**Subject matter of expert testimony**: Dr. Troy is expected to testify regarding Plaintiff's medical care and treatment as a result of the July 8, 2015 fall and injuries. He will testify consistent with his medical records. (Exhibit "7").

**Facts**: Dr. Troy is expected to testify to the facts of Plaintiff's accident by history, the care and treatment he provided, and those matters contained in his records.

**Opinions**: Dr. Troy is expected to the opinion that plaintiff was injured as a result of the July 8, 2015 fall, that the treatment Dr. Troy provided was reasonable and related to the injuries from the fall, that plaintiff suffered pain, both physical and mental; that plaintiff has permanent disabilities; that plaintiff will need care in the future including an ankle/foot fusion and a total knee replacement; Dr. Troy is expected to testify consistent with his medical records, signed by him, that contain the facts and opinions he is expected to give.  A copy of his CV is attached as Exhibit "8".

Plaintiff adopts Dr. Troy's medical records and deposition testimony as her disclosure as if fully set forth herein.

The Plaintiff has not attached Dr. Troy's medical records (Exhibit "7") pursuant to this Court's Standing Order 02-01 as they contain private health information, but has provided a copy of Exhibit "7" to all counsel and will provide a copy to the Court upon request.

2. **Kathy Guinn (Plaintiff)**
   **14428 S. San Francisco**
   **Posen, IL 60469**

Kathy Guinn's expected testimony, opinions, and the bases therefore, are set forth in her deposition taken on December 6, 2018.

3. **Steve Filbert**
   **Norfolk Southern Railway Company**

**Subject matter of expert testimony**: Mr. Filbert is expected to testify regarding the hazards of climbing a railcar to set and release a high handbrake and his experience as a Norfolk Southern Railway Company ("NS") conductor regarding handbrakes

**Facts**: Mr. Filbert understands plaintiff was injured in training in Georgia when she fell from the ladder while training on setting and releasing a high hand brake. He was a conductor for many years at the Elkhart Yard for NS as well as the legislative representative for the UTU local. He is expected to testify to the custom and practice at NS regarding brake sticks. NS did not permit employees to climb on rail cars to set hand brakes. NS provided brake sticks and required employees to use brake sticks to set and release hand brakes.

**Opinions**: Since NS employees are not permitted to climb rail cars, there is no logical reason to require an employee in training to climb rail cars to the top of the rail car, cross over, to set and release a high hand brake. Fall from heights is a recognized hazard in the rail industry. In Filbert's opinion, NS did not provide plaintiff with a reasonable safe place to work for these reasons.

4

All are expected to testify to the facts of the accident, post-accident, events and that the cause of the accident was the negligence of the railroad.

Respectfully submitted,

/s/George Brugess

Attorney for Plaintiff
Cogan & Power, P.C.
George Brugess, Attorney for Plaintiff
1 East Wacker Drive, Suite 510
Chicago, IL  60601
E-mail:  gbrugess@coganpower.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of **PLAINTIFF'S RULE 26(a)(2) DISCLOSURES** was filed electronically with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record: properly forwarded to all counsel of record as listed below by:

| | |
|---|---|
| **Counsel for Defendant Norfolk Southern Railway Company** | **Local Counsel for Plaintiff** |
| HALL BLOCH GARLAND & MEYER, LLP | Kish Law LLC |
| Daryl G. Clarida | Paul S. Kish |
| Hilary Houston Adams | 225 Peachtree Street, NE |
| 900 Circle 75 Pkwy, Suite 500 | 1700 South Tower |
| Atlanta, GA 30339 | Atlanta, Georgia 30303 |
| darylclarida@hbgm.com | paul@kishlawllc.com |
| hilaryadams@hbgm.com | |

On December 11, 2018.


/s/George Brugess
**George Brugess**
**Cogan & Power, P.C.**
**1 E. Wacker Drive, Suite 510**
**Chicago, IL. 60601**
gbrugess@coganpower.com

6